TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| JOSUÉ ORTIZ COLÓN<br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE CORRECCIÓN y REHABILITACIÓN; SRA. ANA i. ESCOBAR PABÓN (SECRETARIA DE CORRECCIÓN); SR. ISRAEL ARCE (COORDINADOR DE PROGRAMA DE EVALUACIÓN y ASESORAMIENTO); SRA. AIXA S. PE´REZ MINK (PRESIDENTA DE LA JUNTA DE LIBERTAD BAJO PALABRA); SRA. ANA C. LICIAGA (SUPERVISORA DE TÉCNICOS SOCIOPENAL); INST. CORRECCIONAL GUERRERO AGUADILLA; SR. CARLOS VÉLEZ GONZÁLEZ (TÉCNICO SOCIOPENAL); INST. CORRECCIONAL GUERRERO AGUADILLA y OTROS<br>Demandados | KLRX202300026 | Recurso Extraordinario<br><br>Caso Núm.<br>K CD2016-1523<br><br>Sobre:<br><br><br>Asunto:<br>Petición de *"MANDAMUS"* |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece ante nosotros por derecho propio el señor Josué Ortiz Colón (señor Ortiz Colón o peticionario), mediante el recurso de *Mandamus*, solicitando que este Tribunal le ordene al Departamento de Corrección y Rehabilitación (DCR), referirlo al Programa de Evaluación y Asesoramiento (SPEA) para que se le realice una evaluación psicológica

con el objetivo de cumplir con los requisitos establecidos por la Junta de Libertad Bajo Palabra (JLBP).

Por los fundamentos que expondremos a continuación, denegamos el auto solicitado.

## I. Resumen del tracto procesal

El señor Ortiz Colón se encuentra confinado en la Institución Penal de Aguadilla desde el año 2000, cumpliendo sentencia por el delito de asesinato en primer grado en los casos CVI99G0079 y CVI99G0080.[1]

El peticionario sostiene que lleva un periodo de tiempo solicitando que se le realice una evaluación psicológica, debido a que la última evaluación que tiene es del 23 de agosto de 2011, y señala que necesitará una actualizada para ser considerado por la JLBP.

Cónsono con lo anterior, indica que el 14 de marzo de 2023 le solicitó al señor Israel Arce, Coordinador de SPEA que se le hiciera una evaluación psicológica. Así las cosas, manifiesta que el 24 de marzo de 2023 fue entrevistado por el personal SPEA, y que se le informó que en ese momento no se le podía realizar la evaluación psicológica, debido a que la JLBP no lo había dispuesto.

Entonces, el señor Ortiz Colón manifiesta en su recurso que el 27 de marzo de 2023 le envió comunicación escrita a la señora Aixa S. Pérez Mink, Presidenta de la JLBP, explicándole la situación y solicitándole un remedio.

Así las cosas, el peticionario explica que luego de esperar un tiempo y no recibir respuesta por parte de la JLBP, el 1 de noviembre de 2023 depositó en el buzón de quejas y agravios de la Institución Correccional una *Solicitud de Remedio Administrativo.*

En estas condiciones, el señor Ortiz Colón arguye que el 7 de noviembre de 2023, le envió una carta a la doctora que brinda las

---

[1] Anejo II del recurso de *Mandamus,* pág. 5. Información corroborada en la página cibernética *Consulta de Casos* del Poder Judicial de Puerto Rico.

terapias del SPEA, quien alegadamente se encuentra ofreciéndole terapias a un grupo de confinados en la Institución Correccional Guerrero en Aguadilla.

Luego, el peticionario aduce que el 14 de noviembre de 2023 se comunicó con el señor Carlos Vélez, Técnico de Servicios Sociopenal, solicitándole que le hiciera un referido para que éste se pudiera realizar una evaluación psicológica por el personal del SPEA.

En tales circunstancias, el 29 de noviembre de 2023, el señor Ortiz Colón presentó ante nosotros un recurso de *Mandamus.* En síntesis, el peticionario solicitó que se les ordene a los funcionarios del DCR a cumplir con el deber ministerial de referirlo al SPEA para que se le realice una evaluación psicológica y así éste pueda cumplir con los criterios de la JLBP. Lo anterior se debe a que a partir del 16 de agosto de 2024 podrá ser considerado por la JLBP.

Posteriormente, el 27 de diciembre de 2023, el peticionario presentó *Moción Informativa Urgente.* Allí, el peticionario presentó copia de los siguientes documentos: (1) la *Solicitud de Remedio Administrativo,* (2) la *Respuesta del Área Concernida/Superintendente,* y (3) una *Solicitud de Reconsideración* ante la División de Remedios Administrativos del DCR (División).

Cabe resaltar que de la *Respuesta del Área Concernida/Superintendente* surge que, el 4 de diciembre de 2023 la División determinó que debía mediar una orden de la JLBP para que se le realice la evaluación psicológica al peticionario. Además, indica que el coordinador de SPEA no hace evaluaciones psicológicas de modo directo por parte de la unidad sociopenal.

Inconforme, el señor Ortiz Colón presentó el 22 de diciembre de 2023 una *Solicitud de Reconsideración* ante la División.

## II. Exposición de Derecho

### A. El *Mandamus*

El *Mandamus* es un recurso extraordinario que sólo procede en situaciones excepcionales. El artículo 649 del Código de Enjuiciamiento Civil, lo define como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona, corporación o tribunal de inferior jerarquía dentro de su jurisdicción, requiriéndole el cumplimiento de algún acto que está dentro de sus atribuciones o deberes ministeriales. 32 LPRA sec. 3421; *Kilómetro O, Inc. v. Pesquera López,* 207 DPR 200, 214 (2021); *Báez Galib y otros v. C.E.E. II,* 152 DPR 382, 391-392 (2000). Al ser un auto altamente privilegiado, su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 75 (2017); *AMPR v. Srio. Educación, E.L.A.,* 178 DPR 253, 266 (2010). **Se expide para hacer cumplir un deber ministerial claramente establecido por ley o que resulte de un empleo, cargo o función pública.** *Noriega v. Hernández Colón,* 135 DPR 406, 447-448 (1994) (Énfasis nuestro). A esos efectos, en un pleito de *mandamus* como cuestión umbral hay que determinar si la actuación que se exige es de naturaleza ministerial. Un acto o deber es ministerial cuando la ley prescribe y define el deber que tiene que ser cumplido de forma tal que no le permite al funcionario el ejercicio de la discreción o del juicio sobre si cumple o cómo cumple con el deber impuesto. *AMPR v. Srio. Educación, E.L.A.,* supra, en las págs. 263-264, *Partido Popular v. Junta de Elecciones,* 62 DPR 745, 749 (1944).

Nuestro más alto foro ha señalado que la expedición de un auto de *mandamus* no debe ser producto de un ejercicio mecánico. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 268. Así pues, cuando se solicite la expedición de un auto de *mandamus* se debe considerar el posible

impacto que éste pueda tener sobre los intereses públicos involucrados y asegurarnos que no se preste para confusión o perjuicio de los derechos de terceros. *Noriega v. Hernández Colón,* supra, en la pág. 448. Por otro lado, también debe considerarse si la concesión del recurso resulta apropiada; esto es, cuando no existe para el peticionario otro remedio adecuado en ley, estén presentes cuestiones de gran interés público, se requiera una pronta y rápida solución y/o si el peticionario tiene un interés especial en el derecho que reclama, distinto al que pueda tener cualquier otro ciudadano.

Ante el incumplimiento de una agencia con su deber de decidir expeditamente, la parte afectada tiene disponible como remedios la presentación de un *mandamus* ante el foro judicial o una moción de desestimación ante la agencia concernida. *U.P.R. de Aguadilla v. Lorenzo Hernández,* 184 DPR 1001, 1009-1010 (2012); *Lb. Inst. Med. Ava. v. Lab. C. Borinquen,* 149 DPR 121, 136 (1999). (Énfasis provisto).

Las Reglas 54 y 55 de nuestro Reglamento, 4 LPRA Ap. XXII-B, rigen los procedimientos de *mandamus* ante este Tribunal. En lo pertinente, la Regla 54, dispone que estos procedimientos se regirán por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas del tribunal, 4 LPRA Ap. XXII-B, R.54.

Conforme a lo anterior, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, establece que *el auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto**. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Íd.* (Cita omitida y énfasis suplido).

**B.** *Denegar*

La Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C) dispone que "el Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o **denegar un auto discrecional** por cualesquiera de los motivos consignados en el inciso (B) precedente". (Énfasis nuestro).

A tales efectos, el inciso (B) de la citada regla establece los siguientes motivos:

(1) Que el Tribunal de Apelaciones carece de jurisdicción;
(2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) Que no se ha presentado o proseguido con diligencia o de buena fe;
(4) Que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
(5) Que el recurso se ha convertido en académico.

## III. Aplicación del Derecho a los hechos

Como mencionamos previamente, el señor Ortiz Colón nos solicita que actuemos sobre su solicitud de evaluación psicológica al DCR. Luego de examinar el recurso, resulta evidente que adolece de defectos que impiden nuestra función revisora. Según señalamos, el recurso de *mandamus* debe acompañar una declaración jurada conforme lo establece la Regla 54 de Procedimiento Civil, *supra.* Igualmente, el recurso requiere que sea dirigido a la persona obligada al cumplimiento de un acto, con el único propósito de compeler a ese cumplimiento. Artículo 650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422; *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 412 (1982).

De un examen del expediente no surge que el peticionario hubiese juramentado su solicitud de *mandamus,* y el auto no está dirigido a una persona o funcionario en particular para que cumpla un deber ministerial, sino al DCR en general. Como el señor Ortiz Colón no

cumplió con los requisitos establecidos para la consideración y expedición del auto de *mandamus,* procedemos a denegarlo.

Independientemente de lo anterior, aun si estuviéramos ante un recurso perfeccionado, nos veríamos obligados a denegar el mismo, debido a que el señor Ortiz Colón presentó el recurso de *mandamus* ante nuestra consideración, aun cuando estaba pendiente una *Solicitud de Remedio Administrativo* presentada ante la División. Surge del *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional,* Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583) que el evaluador entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte días laborables, luego de recibir toda la información requerida para brindar una respuesta adecuada. Regla XIII del Reglamento Núm. 8583. El 14 de noviembre de 2023, el evaluador recibió la *Solicitud de Remedio Administrativo* presentada por el señor Ortiz Colón. Mientras tanto, el recurso de *mandamus* de epígrafe se presentó el 29 de noviembre de 2023, es decir, todavía estaba transcurriendo el término disponible que tenía el evaluador para atender la solicitud del peticionario.

Además, consta en el expediente ante nosotros que el 4 de diciembre de 2023, el evaluador emitió la *Respuesta del Área Concernida/Superintendente,* por lo cual, la solicitud del señor Ortiz Colón se atendió dentro del tiempo establecido por el Reglamento Núm. 8583.

Por otro lado, el peticionario nos indicó en una *Moción Informativa Urgente* que el 22 de diciembre de 2023 presentó una *Solicitud de Reconsideración,* recibida en la División el 9 de enero de 2024. Conforme el Reglamento Núm. 8583, *una vez recibida la Solicitud de Reconsideración por parte del evaluador, tendrá quince días para emitir*

*una respuesta al miembro de la población corrección si acoge o no su solicitud de reconsideración.* Regla XIV, Reglamento Núm. 8583. A la luz de lo anterior, el término disponible para la División acoger la reconsideración no ha transcurrido.

No obstante, de persistir la inconformidad del peticionario, una vez agote el procedimiento administrativo, tiene la opción de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones.

Visto lo anterior, el peticionario presentó el recurso extraordinario del *mandamus*, teniendo pendiente ante la División una *Solicitud de Remedio Administrativo.* Como sabemos, el recurso de *mandamus* es uno excepcional y para que proceda el mismo, el ordenamiento jurídico exige que no exista otro remedio en ley disponible que sea adecuado y eficaz. *Acevedo Vilá v. Meléndez,* 164 DPR 875, 909 (2005).

Consecuentemente, concluimos que el peticionario no ha agotado los remedios administrativos que tiene a su haber. Ante ello, no procede expedir una orden de *mandamus* contra el DCR.

**IV.  Parte dispositiva**

Por los fundamentos que anteceden, *denegamos* la expedición del *mandamus* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones